UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____        │
│ DATE FILED:___8/14/2023___       │
└─────────────────────────────────┘
```

AGNIESZKA DWULIT,

                        Plaintiff,

            -against-

TACTICAL, SCRAPEFIX AND DEER
MANAGEMENT SYSTEMS LLC a/k/a DEER
MANAGEMENT SYSTEMS LLC d/b/a
TACTACAM, INC.,

                        Defendants.

1:22-cv-6092 (MKV)

**OPINION AND ORDER
GRANTING DEFENDANTS'
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Agnieszka Dwulit brought this case against Defendants Deer Management Systems LLC and Tactacam LLC.[1]  Defendants now move to dismiss the case on various grounds, including insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[2] [ECF No. 24].  For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff commenced this suit by filing a summons and complaint in New York state court, asserting various discrimination and retaliation claims against Defendants Deer Management Systems LLC and Tactacam LLC.  [ECF No. 1-1].  Defendants removed the case to federal court on diversity jurisdiction grounds.  [ECF No. 1].  Plaintiff filed a motion to remand the action to

---

[1] The caption of the Amended Complaint names one non-existent defendant, referred to as "Tactical, Scrapefix and Deer Management Systems LLC."  [ECF No. 22] ("AC").  The allegations, however, suggest that Plaintiff is suing Deer Management Systems LLC and Tactacam LLC.  AC ¶¶ 2–3.  The Amended Complaint also suggests that there is a third defendant called "Scrapefix," AC ¶¶ 4–5, but no identifying information is alleged about that entity, which appears to be a phantom, and which has not been served in this case.

[2] In support of their motion, Defendants filed a Memorandum of Law [ECF No. 25], the Affirmation of Traycee Ellen Klein [ECF No. 26] ("Klein Aff."), the Affidavit of Ben Muzzio [ECF No. 27] ("Muzzio Aff."), and the Affidavit of Ben Thorud [ECF No. 28] ("Thorud Aff.").  Plaintiff filed an opposition brief [ECF No. 33], and Defendants replied [ECF No. 37].

state court [ECF No. 8], which, in an attempt to offer proof of service, attached as an exhibit an invoice sent to Plaintiff from the process serving company.  ECF No. 8-2.  Defendants opposed the motion to remand [ECF Nos. 9-10], and also filed a pre-motion letter seeking a conference in advance of their anticipated motion to dismiss.  [ECF No. 7].  The pre-motion letter explained that Defendants planned to seek dismissal for insufficient process, insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.  [ECF No.7].

The Court subsequently deemed the motion to remand to be withdrawn and scheduled briefing for the anticipated motion to dismiss.  [ECF No. 16].  In so doing, the Court extended Plaintiff the opportunity to amend her Complaint and advised Plaintiff that it would be her last opportunity to revise the Complaint in response to the arguments that Defendants advanced in their pre-motion letter.  [ECF No. 16].  In response, Plaintiff filed an Amended Complaint which was nearly identical to the original Complaint.  [ECF No. 22].  Defendants moved to dismiss the Amended Complaint on the same grounds previewed in their pre-motion letter.  [ECF No. 25].  Plaintiff opposed the motion [ECF No. 33], and Defendants replied [ECF No. 37].

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "The plaintiff bears the burden of showing that proper service of process was completed."  *Stormhale, Inc. v. Baidu.com, Inc.*, 675 F. Supp. 2d 373, 374 (S.D.N.Y. 2009).

Under the Federal Rules, service for a "corporation, . . . partnership, or other unincorporated association that is subject to suit under a common name" can occur "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  The Federal Rules also permit plaintiffs to serve defendants according to the law of

the state where the district is located.  Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  As relevant here, New York law provides that limited liability companies may be served by delivering a copy to: (i) a member of the LLC, (ii) a manager of the LLC, (iii) an agent authorized by appointment to receive process, or (iv) to any other person designated by the LLC to receive process.  *See* N.Y. C.P.L.R. § 311-a(a).  New York law further provides that service may be made to the Secretary of State as agent for the LLC.  *See* N.Y. C.P.L.R. § 311-a(a); N.Y. LTD. LIAB. CO. LAW § 303(a).

Here, Plaintiff argues that the affidavit of service filed by the process server gives rise to a presumption of proper service.  Ordinarily that might be the case.  *See McHale v. Chase Home Fin. LLC*, No. 17-cv-6089, 2020 WL 7711826, at *4 (E.D.N.Y. Dec. 29, 2020).  But this case is not ordinary.  For one thing, Plaintiff has not even submitted an affidavit of service.  Rather, the document referenced by Plaintiff is *an invoice* sent to Plaintiff from the process serving company.  ECF No. 8-2.  This is not sufficient evidence of service.  Rule 4 provides that proof of service "must be by the server's affidavit."  Fed. R. Civ. P. 4(1).  As a result, "[t]he Court will not consider a process server's invoice as proof of service."  *Garnett-Bishop v. New York Cmty. Bancorp, Inc*., No. 12-cv-2285, 2014 WL 5822628, at *15 (E.D.N.Y. Nov. 6, 2014).

Even if Plaintiff had filed an affidavit of service, the presumption of proper service would not automatically apply.  The presumption does not apply where the affidavit is "too conclusory" or contains "insufficient facts upon which a presumption of correct service could be based."  *McHale*, No. 17-cv-6089, 2020 WL 7711826, at *4 (internal quotation marks omitted).  Such is the case here.  The invoice provided by Plaintiff states that service of summons and complaint was made upon "customer service manager," April Skroch.  ECF No. 8-2.  This is not sufficient proof of proper service.  The invoice provides no information to suggest that Skroch was a member of Deer Management Systems LLC or Tactacam LLC, a manager of either LLC, or was otherwise

authorized or designated to receive service.  *See* N.Y. C.P.L.R. § 311-a(a).  Indeed, Defendants

have expressly attested that Skroch is none of those things, *see* Klein Aff. ¶ 12; Thorud Aff. ¶ 18,

and Plaintiff has offered nothing in the form of a rebuttal.  Accordingly, Plaintiff has failed to meet

her burden of showing proper service, requiring dismissal of this case.[3]

### <u>CONCLUSION</u>

For the reasons discussed above, the motion to dismiss filed by Defendants is hereby

granted.   The Clerk of Court respectfully is requested to close all pending motions and close the

case.

**SO ORDERED.**

**Date:   August 14, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

---

[3] Because Plaintiff's case must be dismissed for improper service, the Court need not address Defendants' alternative arguments for dismissal under Rules 12(b)(2), 12(b)(4) and 12(b)(6), though those arguments may themselves have proved independently fatal to Plaintiff's case.